MADDOX, Justice
(concurring in the result).
Although I must admit that the defendant makes a very compelling argument that it was entitled to a judgment notwithstanding the verdict, and although I initially thought that the amount of the remittitur should have been more than $2,000,000, I concur in the result to conditionally affirm the trial court’s judgment. I write specially to state some of the facts that almost persuaded me to disagree with the amount of the remittitur.
In Honda Motor Co. Ltd. v. Oberg, — U.S. -, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994), the United States Supreme Court had an opportunity to review once again the constitutional question whether a State court’s procedures involving a jury verdict awarding punitive damages were consistent with the Due Process Clause of the Fourteenth Amendment.
In Honda, Justice Stevens began his opinion by noting that “an amendment to the Oregon Constitution prohibits judicial review of the amount of punitive damages awarded by a jury ‘unless the court can affirmatively say there is no evidence to support the verdict.’ The Court, referring to this Oregon constitution provision, said: The question presented is whether that prohibition is consistent with the Due Process Clause of the Fourteenth Amendment.” The Supreme Court of the United States held that it was not, and reversed the judgment of the Oregon Court.
In Honda, the defendant manufactured and sold a three-wheeled all-terrain vehicle that overturned while the plaintiff was driving it, causing him severe and permanent injuries. The plaintiff alleged that Honda knew or should have known that the vehicle had an inherently and unreasonably dangerous design. The jury found Honda hable and awarded $919,390.39 in compensatory damages[6] and punitive damages of $5,000,000.
On appeal, relying on Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), Honda “argued that the award of punitive damages violated the Due Process Clause of the Fourteenth Amendment, because the punitive damages were excessive and because Oregon courts lacked the power to correct excessive verdicts.” Honda, — U.S. at -, 114 S.Ct. at 2334. The Oregon Court of Appeals and *907 Supreme Court affirmed. The United States Supreme Court stated:
“The latter court relied heavily on the fact that the Oregon statute governing the award of punitive damages in product liability actions and the jury instructions [given in the Honda] case contained] substantive criteria that provide at least as much guidance to the factfinders as the Alabama statute and jury instructions that [the Supreme Court] upheld in Haslip. The Oregon Supreme Court also noted that Oregon law provides an additional protection by requiring the plaintiff to prove entitlement to punitive damages by clear and convincing evidence rather than a mere preponderance. Recognizing that other state courts had interpreted Haslip as including a ‘clear constitutional mandate for meaningful judicial scrutiny of punitive damage awards’ [citation omitted], the [Oregon] Court nevertheless declined to ‘interpret Haslip to hold that an award of punitive damages, to comport with the requirements of the Due Process Clause, always must be subject to a form of post-verdict or appellate review that includes the possibility of remittitur.’ 316 Ore. 263, 284, 851 P.2d 1084, 1096 (1993).”
Honda, — U.S. at -, 114 S.Ct. at 2332. The United States Supreme Court granted certiorari, 510 U.S.-, 114 S.Ct. 751, 127 L.Ed.2d 69 (1994), “to consider whether Oregon’s limited judicial review of the size of punitive damage[s] awards [was] consistent with [its] decision in Haslip.” Honda, — U.S. at -, 114 S.Ct. at 2335.
In Honda, the Supreme Court said:
“Our recent cases have recognized that the Constitution imposes a substantive limit on the size of punitive damage awards. Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 [111 S.Ct. 1032, 113 L.Ed.2d 1] (1991); TXO Production Corp. v. Alliance Resources Corp., 509 U.S. - [113 S.Ct. 2711, 125 L.Ed.2d 366] (1993). Although they fail to ‘draw a mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable,’ id., at - [113 S.Ct. at 2720]; Haslip, 499 U.S., at 18, 111 S.Ct. at 1043, a majority of the Justices agreed that the Due Process Clause imposes a limit on punitive damage awards. A plurality in TXO assented to the proposition that ‘grossly excessive’ punitive damages would violate due process, 509 U.S. at - [113 S.Ct. at 2718-19] while JUSTICE O’CONNOR, who dissented because she favored more rigorous standards, noted that ‘it is thus common ground that an award may be so excessive as to violate due process.’ Id., at-[113 S.Ct. at 2731]. In the case before us today we are not directly concerned with the character of the standard that will identify unconstitutionally excessive awards; rather we are confronted with the question of what procedures are necessary to ensure that punitive damages are not imposed in an arbitrary manner. More specifically, the question is whether the Due Process Clause requires judicial review of the amount of punitive damage awards.
“The opinions in both Haslip and TXO strongly emphasized the importance of the procedural component of the Due Process Clause. In Haslip, the Court held that the common law method of assessing punitive damages did not violate procedural due process. In so holding, the Court stressed the availability of both ‘meaningful and adequate review by the trial court’ and subsequent appellate review. 499 U.S. at 20 [111 S.Ct. at 1044]. Similarly, in TXO, the plurality opinion found that the fact that the ‘award was reviewed and upheld by the trial judge’ and unanimously affirmed on appeal gave rise ‘to a strong presumption of validity.’ 509 U.S., at-[113 S.Ct. at 2720]. Concurring in the judgment, JUSTICE SCANIA (joined by JUSTICE THOMAS) considered it sufficient that traditional common law procedures were followed. In particular, he noted that ‘“procedural due process” requires judicial review of punitive damages awards for reasonableness_’ Id., at -[113 S.Ct. at 2727].”
The Court stated that “judicial review of the size of punitive damage awards has been a safeguard against excessive verdicts for as long as punitive damages have been awarded,” citing early cases that led to the development of the law of judicial review of puni *908 tive damages awards. — U.S. at -, 114 S.Ct. at 2335.
In Honda, the Court found that Oregon provided no procedure for judicial review of the amount of punitive damages awarded by the jury, and noted that in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Court had “upheld the extension of state-court jurisdiction over persons not physically present, in spite of contrary well-established prior practice,” because the change “was necessitated by the growth of a new business entity, the corporation, whose ability to conduct business without physical presence had created new problems not envisioned by rules developed in another era,” citing Burnham v. Superior Court of California, County of Marin, 495 U.S. 604, at 617, 110 S.Ct. 2105, at 2113-14, 109 L.Ed.2d 631 (1990).
The Court said:
“In addition, the dramatic improvements in communication and transportation made litigation in a distant forum less onerous. No similar social changes suggest the need for Oregon’s abrogation of judicial review, nor do improvements in technology render unchecked punitive damages any less onerous. If anything, the rise of large, interstate and multinational corporations has aggravated the problem of arbitrary awards and potentially biased juries.
“Punitive damages pose an acute danger of arbitrary deprivation of property. Jury instructions typically leave the jury with wide discretion in choosing amounts, and the presentation of evidence of a defendant’s net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences. Judicial review of the amount awarded was one of the few procedural safeguards which the common law provided against that danger. Oregon has removed that safeguard without providing any substitute procedure and without any indication that the danger of arbitrary awards has in any way subsided over time. For these reasons, we hold that Oregon’s denial of judicial review of the size of punitive damage awards violates the Due Process Clause of the Fourteenth Amendment.”
— U.S. at-, 114 S.Ct. at 2340-41. The Court said in Honda that there is “a vast difference between arbitrary grants of freedom and arbitrary deprivations of liberty or property,” and that “[t]he Due Process Clause has nothing to say about the former, but its whole purpose [was] to prevent the latter.” — U.S. at-, 114 S.Ct. at 2342. The Court held:
“A decision to punish a tortfeasor by means of an exaction of exemplary damages is an exercise of state power that must comply with the Due Process Clause of the Fourteenth Amendment. The common law practice, the procedures applied by every other State, the strong presumption favoring judicial review that we have applied in other areas of the law, and elementary considerations of justice, all support the conclusion that such a decision should not be committed to the unreviewable discretion of a jury.”
— U.S. at -, 114 S.Ct. at 2342. The Honda case seems to add a new dimension to judicial review of jury verdicts, the issue now before us, and seems to establish these principles:
(1) Judicial review of the size of punitive damages awards has been a safeguard against excessive verdicts for as long as punitive damages have been awarded.
(2) The United States Constitution imposes a substantive limit on the size of punitive damages awards. Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); TXO Production Corp. v. Alliance Resources Corp., 509 U.S. -, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993).
(3) Although the United States Supreme Court has failed to “draw a mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable,” a majority of the Justices has agreed that the Due Process Clause imposes a limit on punitive damages awards.
(4) Judicial review of excessive jury verdicts is constitutionally required, even though a jury’s discretion in setting the amount of the award is guided by proper *909 jury instructions, “a well-established and, of course, important check against excessive awards,” because there “is the possibility that a jury will not follow those instructions and may return a lawless, biased, or arbitrary verdict.” Honda, — U.S. at-, 114 S.Ct. at 2341.
(5) “Punitive damages pose an acute danger of arbitrary deprivation of property. Jury instructions typically leave the jury with wide discretion in choosing amounts, and the presentation of evidence of a defendant’s net worth creates the potential that juries will use their verdicts to express biases against big businesses.” Honda, — U.S. at-, 114 S.Ct. at 2344.
(6) “Unlimited jury discretion — or unlimited judicial discretion for that matter— in the fixing of punitive damages” causes constitutional concerns, but regarding the components of “the constitutional calculus” to be used, “general concerns of reasonableness” must always be applied. Honda, — U.S. at-, 114 S.Ct. at 2343.
Although this Court has provided standards for judicial review of punitive damages awards, the review must be meaningful and adequate. I am not convinced that the trial judge and this Court have failed to provide meaningful and adequate review of the jury award in this case.
The fact that the jury found the company liable, but exonerated the agent, did cause me some concern, but I finally resolved that conflict in favor of the remittitur in the amount ordered. In agreeing with the Court on the amount of the remittitur, I necessarily am giving deference to the findings made by the trial judge in his post-trial review of the verdict. Although he did not have the benefit of reviewing the principles of law set out in the United States Supreme Court’s Honda case, I do not believe that a remand of the case for him to conduct an additional review in light of the Honda case is constitutionally required. I am also concerned that the verdict is a general verdict; therefore, the actual amount of punitive damages the jury awarded cannot be ascertained, but the trial judge conducted a review of the verdict, and in view of the fact that there was evidence from which the jury could have concluded that the alleged wrongful conduct by the defendant was so egregious as to permit the recovery of exemplary damages, I cannot conclude that the company is entitled to a new trial on this point.
Based on the foregoing, I concur in the result of the opinion.

. The compensatory damages were reduced by 20% to $735,512.31, because the plaintiff's own negligence contributed to the accident.